UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHATEEK LANIER,

                                  Petitioner,

    -against-                                                9:17-CV-0089 (LEK)

WILLIAM LEE,

                                  Respondent.

## DECISION AND ORDER

Petitioner Shateek Lanier filed a motion to stay his pending petition for a writ of habeas corpus. Dkt. No. 8 ("Letter Motion"); see also Dkt. No. 1 ("Petition"). According to his submission, Petitioner retained counsel to assist him with filing a state-court motion, pursuant to New York Criminal Procedure Law ("CPL") section 440.10, seeking to vacate his conviction. Letter Mot. at 1–2.[1] He now asks the Court to stay this action pending the outcome of the CPL section 440.10 motion. Id. at 1. Petitioner's Letter Motion is denied.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. Rhines v. Weber, 544 U.S. 269, 275–76 (2005). This "stay and abeyance" procedure is only available where the petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." Id. at 277.

---

[1] The cited page numbers refer to those generated by the Court's electronic filing system ("ECF"). The CPL section 440.10 motion appears to have been filed on February 17, 2017. Letter Mot. at 2. Counsel was apparently retained for purposes of litigating only the CPL section 440.10 motion. Id. Petitioner is proceeding pro se in this Court.

Petitioner did not identify what issues he raised in the CPL section 440.10 motion, making it impossible for this Court to determine whether they are part of his pending federal habeas petition. Letter Mot. If the issues in his CPL motion are not part of the Petition, the Petition is not "mixed" with respect to those issues, and a stay to permit exhaustion is inappropriate. Rhines, 544 U.S. at 277; Mills v. Girdich, No. 03-CV-341, 2008 WL 4371362, at *1 (W.D.N.Y. Sept. 17, 2008); Hall v. Conway, No. 04-CV-6011, 2008 WL 2559371, at *1 (W.D.N.Y. June 23, 2008).[2] Additionally, Petitioner has not provided any basis for the Court to find good cause for his failure to exhaust the unidentified issues sooner, and he has not explained why the issues are not plainly meritless. Letter Mot.

In sum, Petitioner has not made the required showing to warrant a stay, and his motion is therefore denied.

Accordingly, it is hereby:

**ORDERED**, that Petitioner's Letter Motion (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: March 08, 2017
Albany, New York

Lawrence E. Kahn
U.S. District Judge

---

[2] Petitioner has not moved to amend his Petition to include any new claims. Cf., e.g., Hall, 2008 WL 2559371, at *1–2 (noting amendment of the petition and a subsequent motion for a stay as the proper procedure for such unexhausted claims).