UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHATEEK LANIER,

                              Petitioner,

    -against-                                              9:17-CV-0089 (LEK)

WILLIAM LEE, Superintendent,
Eastern Correctional Facility,

                              Respondent.

## DECISION AND ORDER

### I.    INTRODUCTION

On June 28, 2017, petitioner Shateek Lanier filed a motion seeking reconsideration of the Court's Decision and Order issued on March 8, 2017, denying his motion to stay his petition for a writ of habeas corpus, and seeking leave to amend his petition to add unexhausted claims. Dkt. No. 19 at 1 ("Motion");[1] Dkt. No. 9 ("March Order"). For the reasons that follow, the Court denies the Motion.

### II.    BACKGROUND

Petitioner challenges a 2013 judgment of conviction, rendered upon a jury verdict in the Rensselaer County Supreme Court, of attempted second degree murder and related charges. Dkt. No. 1 ("Petition") at 1. The Petition asserts the following grounds for relief: (1) the verdict was against the weight of the evidence; (2) the trial court erred by denying his motion to suppress pre-

---

[1] The cited page numbers for this document refer to those generated by the Court's electronic filing system ("ECF"). This docket submission contains multiple documents, including Petitioner's Declaration in support of his Motion, Dkt. No. 19 at 2–6 ("Lanier Declaration"), Petitioner's Memorandum of Law in support of his Motion, Dkt. No. 19 at 7–11 ("Memorandum"), and his Proposed Amended Petition, Dkt. No. 19 at 12–27 ("Proposed Amended Petition").

trial identification evidence; (3) the trial court's "refusal to dismiss the indictment pursuant to CPL 190.50(5)" violated "the 6th and 14th amendments to the federal constitution"; (4) the trial court's Sandoval ruling deprived Petitioner of a fair trial and due process; and (5) the sentence imposed was harsh and excessive. Id. at 5–12. In a Decision and Order dated February 22, 2017, the Court directed Respondent to file an answer to the Petition. Dkt. No. 6 ("February Order").

On March 1, 2017, Petitioner filed a motion to stay his Petition because he had filed a motion in state court to vacate the judgment of conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10. Dkt. No. 8 ("Stay Motion"). On March 8, 2017, the Court denied the Stay Motion. Dkt. No. 9 ("March Order") at 1. Because Petitioner failed to identify the issues raised in his § 440.10 motion, the Court could not "determine whether they are part of his pending habeas petition," such that a stay pending exhaustion of the state court remedies may be appropriate. Id. at 2. Additionally, the Court found that Petitioner had not provided any basis to conclude that good cause existed for his failure to exhaust the unidentified claims sooner, or that his unidentified claims were not plainly meritless. Id. at 2.

Petitioner moves to amend his Petition to add unexhausted claims and for reconsideration of the March Order's denial of his Stay Motion. Mot. Petitioner states that he raised the following claims in his § 440.10 motion, and seeks to pursue them in this action once his state court remedies are exhausted: (1) he was denied a fair trial when a prospective juror stated that she could be fair and impartial despite her "family friendship with a witness," and the state court "failed to continue its voir dire"; (2) he was denied a fair trial when the same prospective juror failed to "truthfully answer" the state court's questions regarding whether she was currently or formerly employed by a law enforcement agency; (3) counsel rendered ineffective assistance in

2

numerous respects; (4) his due process rights were violated when the state court "failed to instruct the deliberating jury to dispel any consideration of" the aforementioned in-court identification; (5) newly discovered evidence—specifically, an "affidavit by Karim Little"—establishes that he is actually innocent; and (6) the state court should hold an evidentiary hearing with respect to his pending motion to vacate. Lanier Decl. at 3–6; Mem. at 8–11.

## III. DISCUSSION

### A. Amendment of the Petition

The rules governing amendment of habeas petitions are outlined in Rule 15 of the Federal Rules of Civil Procedure. Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001); Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 815–16 (2d Cir. 2000); see 28 U.S.C. § 2242 (providing that a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). Under Rule 15(a)(1)(A), a party may amend a petition once as a matter of course within "21 days after serving it[.]" Fed. R. Civ. P. 15(a)(1)(A). Here, more than twenty-one days have passed between February 23, 2017, the date on which the Court ordered that Respondent be served with the Petition, Dkt. No. 6, and June 28, 2017, the date that Petitioner filed his Proposed Amended Petition, Mot. at 1. Therefore, Petitioner may not amend the Petition as a matter of course.

Under Rule 15(a)(2), a party may also amend its pleadings upon consent of the opposing party or by leave of the court, and courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); Littlejohn, 271 F.3d at 363. A court may deny leave to amend where the

proposed amendment would be futile. O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 69 (2d Cir. 2002).

*1. Timeliness of Claims in the Proposed Amended Petition*

The New York State Supreme Court Appellate Division affirmed Petitioner's conviction on July 23, 2015, and the New York Court of Appeals denied leave to appeal on October 29, 2015. People v. Lanier, 15 N.Y.S.3d 241 (App. Div. 2015), lv. denied, 42 N.E.3d 220 (N.Y. 2015). His conviction became final for purposes of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") ninety days later, on January 27, 2016, and he therefore had until January 27, 2017, to file his habeas petition. 28 U.S.C. § 2244(d)(1); Saunders v. Senkowski, 587 F.3d 543, 548–49 (2d Cir. 2009). Moreover, Petitioner's § 440.10 motion, filed on February 23, 2017, did not toll the AEDPA limitations period because the period had already run by the time the motion was filed, and such a motion cannot "revive [an] expired statute of limitations." Gillard v. Sticht, No. 16-CV-513, 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) (citations omitted); Roberts v. Artus, No. 16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) ("If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of statutory tolling."). The original Petition, dated January 22, 2017, and received by the Court on January 26, 2017, was thus timely, but any new claims asserted in the Proposed Amended Petition are not unless they relate back to the original Petition, equitable tolling applies, or Petitioner establishes an actual innocence claim.

*2. Relation Back*

To add new claims to a habeas petition after the expiration of the AEDPA's one-year limitations period, a petitioner may show that the proposed amendment "relates back" to the

4

claims in the original, timely petition. Fed. R. Civ. P. 15(c); Mayle v. Felix, 545 U.S. 644, 664 (2005). The definition of Rule 15(c)'s "conduct, transaction, or occurrence" in the habeas context does not encompass a petitioner's state court criminal "trial, conviction, or sentence." Mayle, 545 U.S. at 656–57. Instead, the original and amended petitions must "state claims that are tied to a common core of operative facts," id. at 664, and must arise from "the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading," Fed. R. Civ. P. 15(c)(1)(B). If the amended petition asserts a new ground for relief that is supported by facts that are different "in both time and type" from those in the original pleading, the amended petition does not relate back. Mayle, 545 U.S. at 650.

The Court concludes that Petitioner's proposed additional grounds for relief in his Proposed Amended Petition lack a "clear connection" to, and therefore do not relate back to, the original Petition. Gibson v. Artus, 407 F. App'x. 517, 519 (2d Cir. 2010) (summary order); Jones v. Conway, No. 09-CV-6045, 2010 WL 5479649, at *2 (W.D.N.Y. Dec. 29, 2010). The claims in the Proposed Amended Petition rely on discrete facts that are different "in both time and type" from the grounds asserted in Petitioner's original, timely Petition. Mayle, 545 U.S. at 650. For instance, the Proposed Amended Petition contains grounds for relief related to alleged juror bias or misconduct, ineffective assistance of counsel, the state court's failure to instruct the jury with respect to an alleged in-court identification by the victim, and the purported existence of "[n]ewly discovered evidence" in the form of a witness affidavit existed, Proposed Am. Pet. at 16–26, none of which appear in his original Petition, Pet. Therefore, the Proposed Amended Complaint does not relate back to filing of the original Petition.

*3. Equitable Tolling*

The AEDPA's one-year statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008). Whether a circumstance is extraordinary depends on "how severe an obstacle it is for the petitioner endeavoring to comply with the AEDPA's limitations period." Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (quoting Diaz, 515 F.3d at 154).

A petitioner must show not only that extraordinary circumstances existed, but that those circumstances "caused him to miss the original filing deadline." Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011). Claims of extraordinary circumstances must be supported with evidence and not merely with conclusory allegations. Reid v. Atty Gen., State of New York, No. 04-CV-178, 2008 WL 3049870, at *6 (N.D.N.Y. Aug. 1, 2008). Additionally, a petitioner must have acted with "reasonable diligence throughout the period he seeks to toll[.]" Harper, 648 F.3d at 138 (quoting Belot v. Burge, 490 F.3d 201, 205 (2d Cir. 2007)). If a petitioner did not exercise reasonable diligence after the extraordinary circumstance began, "the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003) (quoting Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001)).

In this case, Petitioner does not assert any facts suggesting that he has been pursuing his rights diligently with respect to his new claims, and the only circumstance that he cites is his

6

"lack of legal training." Lanier Decl. at 6. Petitioner's lack of legal knowledge does not constitute an extraordinary circumstance preventing him from filing a timely petition. See, e.g., Jenkins v. Greene, 630 F.3d 298, 305 (2d Cir. 2010) (holding that a mistake of law "is not a basis for equitable tolling"); Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000) (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling); Adkins v. Warden, 585 F. Supp. 2d 286, 297 (D. Conn. 2008) ("Most courts also recognize that lack of knowledge . . . about the law and one's legal rights is not an extraordinary circumstance because tolling for this common obstacle that most petitioners face would undermine the legislative decision to impose a one-year limitations period."). Accordingly, the Court concludes that Petitioner has not identified a sufficient basis to apply equitable tolling.

    *4. Actual Innocence*

  The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to avoid the "expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). The claim of innocence "must be both credible and compelling." Rivas, 687 F.3d at 541. A "credible" claim is one that is "supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)). "For a claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt.'" Id. (quoting House v. Bell, 547 U.S. 518, 538 (2006)). Additionally, "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (quoting Bousley v. United

7

States, 523 U.S. 614, 623 (1998)).

Petitioner first argues that his new claims "involve a gross miscarriage of justice . . . in that it involves a juror who was seated . . . who admitted she knew the police officer who investigated the crime of which [he] had been wrongfully convicted." Mem. at 10. He argues that the juror also "admitted that she had family members who were employed with" the New York State Department of Corrections and Community Supervision ("DOCCS") and "the New York State Police Department." Id. at 10–11. Petitioner also argues that the same juror "committed misconduct by failing to apprise the court that she was also employed" at DOCCS "while she was seated on the jury in [P]etitioner's trial." Id. at 11. Petitioner contends that, in light of these allegations, he should be permitted to amend the Petition. Id.

However, the thrust of Petitioner's argument reveals no new evidence regarding the commission of the crimes of which he was convicted, and thus does not demonstrate that he is factually innocent. See, e.g., Falcon v. Smith, No. 12-CV-9873, 2013 WL 4016276, at *8–10 (C.D. Cal. Aug. 5, 2013) ("[W]hile petitioner's evidence of juror bias may raise questions as to the fairness of his trial, the alleged bias does not show that he is factually innocent of the crime for which he stands convicted, nor does it necessarily undermine the credibility of the evidence against him."); see also Knox v. Iowa, 131 F.3d 1278, 1282 (8th Cir. 1997) (holding that allegations of juror bias do not qualify as evidence of actual innocence).

Second, Petitioner alleges a "freestanding claim of actual innocence," Lanier Decl. at 5, and points to "[n]ewly discovered evidence in the form of an affidavit by Karim Little," which purportedly "proves that" Petitioner did not shoot the victim, Proposed Am. Pet. at 25. However, Petitioner provides no further detail regarding these claims or the contents of Little's affidavit. In

8

opposition to Petitioner's Motion, Respondent has filed relevant state court records, including Little's affidavit, sworn to on April 18, 2016. Dkt. No. 25-1 ("State Court Records") at SR 384. In his affidavit, Little avers that he was "on 9th Street the night the high school kid got shot on [10th] Street," that he saw "the person who ran into the green car on 9th Street," and that "it was not [Petitioner] who shot the kid on [10th.]" Id. Additionally, in an undated letter addressed "[t]o whom it may concern," purportedly written by Little, Little states that he "would like to help [Petitioner]." Id. at SR 383. Little states that "it wasn't [Petitioner]," but that he "will not point the finger at anyone else on the night of the shooting." Id. Finally, Little states that he "hopes that this will help" Petitioner and that it will "not put me in the line of fire in anyway [sic]." Id.

Regarding Petitioner's "freestanding claim of actual innocence," the Supreme Court has not resolved whether a freestanding claim of actual innocence may serve as a basis for habeas relief. McQuiggin, 133 S. Ct. at 1931; see also House, 547 U.S. at 554–55; Herrera v. Collins, 506 U.S. 390, 405 (1993) (explaining that federal habeas corpus review does not extend to "freestanding claims of actual innocence"). As a result, any amendment to the Petition to add a freestanding claim of actual innocence would be inappropriate.

Regarding Little's affidavit and letter, the Court concludes that neither the affidavit nor the letter—the latter being unsworn—render Petitioner's claim of actual innocence credible and compelling. Even if Little was an eyewitness to the shooting, which is unclear from his affidavit, the available evidence does not suggest that Little is a trustworthy witness. The affidavit does not identify another culprit and provides virtually no detail about the incident or Little's perception of it; rather, it merely contradicts, without elaboration, eyewitness evidence at trial that Petitioner was the shooter. In short, Petitioner has not shown that new, reliable evidence exists that would

permit application of the "actual innocence" exception to the limitations period. For the foregoing reasons, the claims that Petitioner seeks to add to his Petition are untimely, and leave to amend the Petition is therefore denied.

**B. Motion for Reconsideration**

A motion for reconsideration may be granted where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted). "The standard for granting such a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 256–57 (2d Cir. 1995).

In the March Order, the Court denied Petitioner's Stay Motion, which sought a stay of his Petition to permit Petitioner to first exhaust the claims under review in his CCL section 440.10 motion. Mar. Order at 1. However, even if the Court were to reconsider the March Order, granting the Stay Motion would serve no purpose because, as discussed above, Petitioner cannot amend the Petition to include the claims raised in his CCL section 440.10 motion. Therefore, the Court denies Petitioner's Motion to reconsider the March Order.

Finally, in a May 31, 2017 Text Order, this Court granted Petitioner permission to file a reply to Respondent's Answer to his Petition. Dkt. No. 16. Shortly thereafter, Petitioner filed his

Motion, but did not reply to the Answer. In light of his pro se status, the Court grants Petitioner a final extension of time to do so. Petitioner may, but is not required to, file a reply to Respondent's Answer within thirty days of the filing date of this Decision and Order. Petitioner is advised that the arguments contained in the reply shall be limited to addressing the arguments raised in Respondent's Answer. The Court will not consider any grounds for relief or other legal theories asserted in the reply that were not previously asserted by the original Petition.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Petitioner's Motion (Dkt. No. 19) to amend his habeas petition and to stay this action is **DENIED**; and it is further

**ORDERED**, that Petitioner may, but is not required to, **file a reply within thirty days** of the filing date of this Decision and Order. If Petitioner chooses to file a reply, it must not exceed fifteen pages in length, excluding exhibits, and the arguments contained in the reply shall be limited to addressing the arguments raised by Respondent's Answer (Dkt. No. 14) and memorandum of law in opposition to the Petition (Dkt. No. 17). **The Court will not consider any grounds for relief or other legal theories asserted in Petitioner's reply that were not previously asserted in his original Petition.** No further extensions will be granted absent a showing of good cause. If Petitioner fails to file a reply within this time frame, the Court will deem briefing to be closed and will review the Petition in due course; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	October 24, 2017
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge